**FIRST NATIONAL BANK OF LOUISVILLE**

v.

**Loretta LUSTIG, et al.**

**Civ. A. No. 87–5488.**

United States District Court,
E.D. Louisiana.

July 3, 1990.

Patrick M. Ardis, Memphis, Wolff Ardis, Tenn., William E. Brown, Stone, Pigman, Walther, Wittmann & Hutchison, New Orleans, La., for plaintiff.

Ellis B. Murov, Deutsch, Kerrigan & Stiles, New Orleans, La., for Aetna Cas. & Sur. Co. and Federal Ins. Co.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of plaintiff, First National Bank of Louisville

("FNBL"), to suppress the deposition of Joseph R. Gathright, Jr. The substance of this motion is virtually identical to portions of the motions for sanctions and contempt recently transferred to this Court from the Western District of Kentucky. After reviewing the motion, memoranda of counsel, the record and the law, the Court denies the motion for the reasons set forth below.

## FACTUAL BACKGROUND

On November 20, 1989, this Court[1] entered an Order which reads in pertinent part:

Defendants' depositions will be scheduled for the weeks of November 29, December 4, 1989, January 8, 1990, February 5, 1990, February 12, 1990, March 5, 1990 and April 9, 1990.

Plaintiffs' depositions will be scheduled for the week of January 15, 1990, January 29, 1990, March 12, 1990, April 2, 1990 and April 16, 1990.

The week of April 23, 1990 will be left open and depositions will be scheduled that week by court order.

Any party who originally noticed a deposition which is incomplete shall have the burden of rescheduling that deposition. At the end of the deposition schedule any deposition not completed will be deemed complete.

Order (E.D.La. Nov. 20, 1989). Subsequently, the case was re-allotted and transferred to this Court. However, the November 20, 1989 Order was not modified by the Court, and no request was made by any party to modify it.

Pelican Homestead and Savings Association ("Pelican"), a defendant in this matter, thereafter noticed the deposition of Joseph R. Gathright, Jr. and set the deposition for March 5, 1990. Gathright was the closing lawyer for FNBL during the period when fraudulent loans were allegedly transacted by Kevin DeWitt, at the time a loan officer with FNBL. DeWitt's alleged actions resulted in a claim by FNBL on the fidelity bond issued by Aetna Casualty and Surety

---

**1.** The case was pending before Judge Livaudais at the time the Order was entered. Judge Livaudais later recused himself for reasons unrelated

to the litigation, and the matter was randomly re-allotted to this Court.

Company and Federal Insurance Company ("the Sureties") and the subsequent denial of coverage under the bond by the Sureties, which is the subject matter of the main action in this case.

Because Gathright resides in the Western District of Kentucky, he moved that court for a protective order under Federal Rule of Civil Procedure 26(c) to alleviate the "opportunity cost" burden of that deposition by requiring the defendants to compensate him for his time and by limiting the duration of his deposition. The District Court for the Western District of Kentucky entered a protective order that reads in pertinent part:

> IT IS HEREBY ORDERED AND ADJUDGED that the depositions of Joseph R. Gathright, Jr. ... shall be taken herein only upon the following terms and conditions:
>
> 1. The depositions shall commence at 9:00 a.m. and recess at 5:00 p.m. each day with a 90 minute lunch break;
>
> 2. The deponent, Joseph R. Gathright, Jr., shall be compensated by Pelican Homestead and Savings Association for the time spent in his deposition in a sum equal to $100.00 for each hour he is in deposition;
>
> \*    \*    \*    \*    \*    \*
>
> 6. Each of the above-mentioned individual's depositions shall be limited to five (5) business days.

Protective Order (W.D.Ky. Mar. 2, 1990).

The deposition of Gathright commenced the week of March 5, 1990. Several other defendants in addition to Pelican used time during the five days and reimbursed Pelican as per the Protective Order. For example, the Lewis Defendants' counsel, Mr. Potter, agreed with Pelican's counsel to reimburse Pelican $100.00 for each hour the Lewis Defendants examined Gathright.[2]

FNBL did not cross-examine Gathright at the deposition and there is some dispute as to whether Mr. Ardis, counsel for FNBL, was actually prevented from cross-examining Gathright, or as the defendants assert, despite their good faith efforts, time simply ran out. As a result, FNBL filed motions for contempt and sanctions, including the suppression of the entire Gathright deposition. The motions were filed in the Western District of Kentucky, but were eventually transferred to this Court. *See* Order (W.D.Ky. May 30, 1990).[3]

## ANALYSIS

■ The motions transferred from the Western District of Kentucky are properly before this Court.[4] Under Federal Rule of Civil Procedure 37(b)(1), sanctions in the nature of contempt may be imposed by the court in which the deposition is being taken only if the deponent refuses to be sworn or to answer a question after being directed to do so by that court. There is no allegation that Gathright refused to be sworn or

---

**2.** Potter's examination of Gathright lasted approximately two hours of the 32 allotted under the Protective Order, and it consumed 77 of the approximately 1,229 pages of the transcript. *See* Potter Aff. at ¶ 14 (Exhibit C of Lewis Defendants' and Potter's Memorandum Opposing FNBL's Motion for Contempt and Sanctions). Potter's examination took place from approximately 10:30 a.m. to 12:30 p.m. on Friday, the last day of the allotted time under the Protective Order.

**3.** The case was originally docketed as a miscellaneous matter in the Western District of Kentucky, *First National Bank of Louisville v. Loretta Lustig, et al,* No. 90–M–01–L (W.D.Ky. filed May 1, 1990). The matter was transferred to the Eastern District of Louisiana and is now docketed as *First National Bank of Louisville v.*

*Loretta Lustig, et al,* Misc. No. 87–5488 (E.D.La. filed May 1, 1990).

**4.** The Court acknowledges the possibility of confusion arising from the fact that FNBL has filed a motion to suppress the Gathright deposition in the Eastern District of Louisiana, Civil Action No. 87–5488, and that FNBL also requests the sanction of striking the Gathright deposition in the miscellaneous matter that was transferred to the Eastern District of Louisiana from the Western District of Kentucky.

As stated elsewhere in this opinion, the motions for sanctions and contempt, in this Court's opinion, were never properly before the District Court in Kentucky. *See* Fed.R.Civ.P. 37(b)(1). As such, it is this Court's intention that resolution of the suppression issue here resolves that issue in the miscellaneous matter as well.

refused to answer questions which he had been directed to answer by the Kentucky District Court.[5] Therefore, the transferred motions are properly directed to this Court since they are based, essentially, on an allegation that the defendants failed to allow Gathright's deposition to be completed during the period prescribed by Judge Livaudais in his November 20, 1989 Order.

With respect to the present motion, the Court does not find any evidence to support a belief that counsel for FNBL was intentionally deprived of an opportunity to cross-examine Mr. Gathright. It appears that all counsel involved attempted to make reasonably expeditious use of the time they were allotted, bearing in mind that the week of March 5 was set aside for plaintiff's depositions.[6] The time, however, simply ran out.

■■■■ The question then, is whether FNBL was prejudiced by not being able to cross-examine Gathright due to the limits of the Protective Order. In this regard, the Court notes two areas that tend to mitigate against prejudice to FNBL. First, FNBL's behavior up to and following the termination of Gathright's deposition is not consistent with its concerns. And, this Court's consideration of such behavior is proper in weighing all the factors that would tend to imply the presence or lack of good faith in the context of prejudice to a party that did not cross-examine a witness in a deposition. *See B.F. Goodrich Tire*

*Co. v. Lyster*, 328 F.2d 411, 415–16 (5th Cir.1964). FNBL did not attempt to have the five-day deposition time allocated among the parties when the Protective Order was entered. FNBL did not move for a modification of the Protective Order in the Western District of Kentucky, or for a modification of the November 20, 1989 Order in this Court to obtain additional time to cross-examine Gathright. Furthermore, there is no evidence that FNBL attempted to contact Gathright from the time the deposition was terminated until Gathright filed his affidavit[7] to inquire whether he might be amenable to a short continuation of his deposition. Instead, FNBL filed motions for sanctions and contempt in a court that, under the Federal Rules of Civil Procedure, had no jurisdiction to hear such motions.[8] Indeed, the district judge in Kentucky recognized the jurisdictional problem in his order transferring the contempt and sanctions motions to this Court:

> ... the case is set for trial on July 23, 1990, before the United States District Court, Eastern District of Louisiana. With this impending trial date, and in view of the discovery nature of the motions now pending in this case, it is this Court's determination that it is not appropriate for this Court to rule on said pending motions. Rather, those motions should be considered by the trial judge who will preside. **The authority this Court exercised under Rule 26(c) does**

---

5. The Court notes, however, that apparently Mr. Gathright does not intend to make himself available for any other depositions. *See* Gathright Aff. (W.D.Ky. May 29, 1990) (docketed under *First National Bank of Louisville v. Loretta Lustig, et al*, Misc. No. 87–5488 (E.D.La. filed May 1, 1990). In his affidavit, Mr. Gathright states, "My deposition [March 5–9, 1990] lasted the full five days. I was not then, am not now, and will never be willing to spend another moment being deposed in the New Orleans litigation."

6. Plaintiff and defendants exchanged the weeks of March 5 and March 12, 1990 for the taking of depositions.

7. *See supra* note 5.

8. Gathright is a non-party deponent who was deposed outside the reach of service of this Court. *See* Fed.R.Civ.P. 37(a)(1), which reads in pertinent part:

> An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.

However, such a court may sanction only a non-party deponent who fails to be sworn or who refuses to answer a question after being directed to do so by that court. *See* Fed.R.Civ.P. 37(b)(1). There is no dispute regarding whether Gathright failed to be sworn. Nor is there any dispute that Gathright failed to answer questions. As discussed previously, FNBL's motions for contempt and sanctions are necessarily based on the November 20, 1989 Order entered by Judge Livaudais in the Eastern District of Louisiana. In other words, FNBL's motions must be based on the notion that the respondents prevented the deposition of Gathright from being "completed."

**not apply to the motions now pending....** Order (W.D.Ky. May 30, 1990) (emphasis added).

The second area of consideration that tends to mitigate against prejudice to FNBL involves the methods still available that might cure any potential prejudice. Gathright is listed as a "will call" witness for FNBL in the preliminary pre-trial order. Therefore, FNBL's complaint in this matter is that it did not get to ask questions during the deposition of *its own witness*. However, there has been no suggestion that Gathright will not be available for trial. *See Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 558 (7th Cir.1984) (protection from deposition subpoena modified to allow some discovery because the non-testifying non-party would not be subject to cross examination at trial). FNBL may, therefore, ask its questions at trial, or it may attempt to obtain an affidavit from Gathright addressing whatever issues it had wanted to raise at the deposition. In addition, FNBL arguably could still move to modify the Protective Order or the November 20, 1989 Order even now.[9] Were the Protective Order modified, one alternative to taking live testimony might be for FNBL to move to conduct its examination by deposition upon written questions after receiving the transcript "in lieu of participating in the oral examination." Fed.R. Civ.P. 30(c).

Finally, the Court notes that, at least in a technical sense, FNBL's motions for contempt and sanctions in the transferred miscellaneous matter are meritless. Compliance with the Protective Order is not in dispute. The Gathright deposition was supposed to occupy certain hours of the day preserving a certain degree of flexibility. There is no dispute that all counsel complied with that directive. The Protective Order further stipulated that Gathright was to be compensated for his deposition time at a specified rate. Again, there is no dispute that all parties complied with that directive. Lastly, the Protective Order

provided that the deposition "shall be limited to five (5) business days." Protective Order at ¶ 6 (W.D.Ky. Mar. 2, 1990). The transcript clearly indicates that Gathright's deposition began on March 5, 1990, and terminated on March 9, 1990.

FNBL asserts that it was prevented from completing the deposition of Gathright, and that this "contravene[s] at least the spirit of [the Kentucky District] Court's Order entered March 2, 1990." *See* Motion for Sanctions and Memorandum in Support at p. 3. This would be a more convincing argument had FNBL attempted to mitigate the effects of Protective Order, or if it had attempted to resolve this discovery dispute prior to filing motions for sanctions and contempt, but it did not. The November 20, 1989 Order states that any deposition not completed at the end of the deposition schedule shall be deemed complete. Order (E.D.La. Nov. 20, 1989). This Court finds that defendants complied with the letter of the Protective Order, which is all that was required of them. The deposition period is now finished; therefore, the Gathright deposition is deemed complete. There is no prejudice to FNBL because it will have the opportunity during trial to elicit from Mr. Gathright any material that could have been covered in a cross-examination during deposition. In addition, FNBL has a variety of other alternatives still available to obtain any information needed from Gathright.

## CONCLUSION

It is disturbing that despite the availability of alternative avenues to resolve the dispute, FNBL chose instead to file motions for sanctions and contempt in a forum that had no jurisdiction to hear such motions. It is also disturbing that FNBL took this action after allowing the discovery schedule established by this Court to expire. The motives of counsel for FNBL aside, the practical effect of this approach resulted in enormous inconvenience and potentially unnecessary litigation costs to all

---

9. The proper forum for such a motion is this Court. If a protective order, no matter where entered, terminates a deposition, that deposition may resume only upon order of the court in which the action is pending. *See* 4A *Moore's Fed. Prac.* ¶ 30.61 (2d ed. 1989).

parties involved. The inconvenience and costs might, arguably, have been avoided had counsel for FNBL simply followed the requirements to confer in good faith with opposing counsel in an attempt to resolve this discovery dispute prior to filing its motions. *See* Fed.R.Civ.P. 37(a); Local Rule 6(a)(2) (W.D.Ky.1989); Local Rule 2.11E (E.D.La.1989). However, whether the actions of any party or counsel for any party [10] rises to the level required for sanctions is not decided by this opinion. Instead, the Court will refer this matter in a separate order under Miscellaneous No. 87–5488 to the magistrate for a hearing to determine the merits of the cross motions for Rule 11 sanctions.

Accordingly,

IT IS ORDERED that:

(1) Plaintiff's motion to suppress the Gathright deposition is DENIED, and the hearing in this matter which had been set for June 20, 1990, is CANCELLED.

Larry Watts, Houston, Tex., for plaintiff.

James W. Hambright, Orgain, Bell & Tucker, Beaumont, Tex., for defendant.

---

**10.** The Sureties request for sanctions against any law firm under Rule 11 is unavailable due to recent Supreme Court jurisprudence. *See Pavelic & Leflore v. Marvel Entertainment Group,* —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). Under *Pavelic,* the only attorney subject to Rule 11 sanctions is the attorney who signed the pleadings in question. However, *Pavelic* does not prohibit, in the appropriate situation, imposition of sanctions against the party whom the attorney represents. *See* Fed.R. Civ.P. 11.